1 CHRISTOPHER R. ORAM, ESQ
Nevada Bar No. 004349
2 520 South Fourth Street, Second Floor
Las Vegas, Nevada 89101
3 (702) 384-5563

4 Attorney for Defendant
LUMSDEN QUAN

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

\* \* \* \*

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

LUMSDEN QUAN,

    Defendant.

**Case Number:** 2:14-cr-00127-KJD-VCF

**DEFENDANT'S SENTENCING MEMORANDUM**

    This sentencing memorandum is aimed at urging the Court to impose a sentence less than incarceration. The undersigned hereby submits this sentencing memorandum on behalf of Mr. Quan.

    DATED this 9th day of December, 2015.

                Respectfully submitted by,

                /s/ Christopher R. Oram, Esq.
                CHRISTOPHER R. ORAM, ESQ.
                Nevada Bar #004349
                520 S. Fourth Street, 2nd Floor
                Las Vegas, Nevada 89101
                (702) 384-5563

                Attorney for Defendant
                LUMSDEN QUAN

-1-

**I.      A SENTENCE LESS THAN INCARCERATION IS APPROPRIATE.**

18 U.SC. 3553(a) provides factors to be considered in imposing a sentence:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court in determining the particular sentence to be imposed, shall consider - 1) the nature and circumstances of the offense and the history and characteristics of the defendant, 2) the need for the sentence imposed - a) to reflect the seriousness of the offense, to promote respect fo the law, and to provide just punishment for offense; b) to afford adequate deterrence to criminal conduct; c) to protect the public from further crimes of the defendant; and d) to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner.

The United States Probation Officer specifically identified factors that may warrant a variance and imposition of a non-guideline sentence (Revised PSR p. 22, Paragraphs 122-124). Mr. Quan will address the factors throughout this memorandum.

In this case, Lumsden is charged with a non-violent offense. As Lumsden approaches fifty years old, the probation office identified two very minor allegations when Lumsden was nineteen and twenty years old. Lumsden has never been convicted of a felony or a misdemeanor. Lumsden's lack of criminal history is important, however, his personal characteristics are truly remarkable. Attached to the sentencing memorandum are nearly forty character letters (Exhibit A). The drafters of these letters are highly respected community members from San Francisco. A common theme throughout the letters is the extraordinarily gentle nature of Lumsden. Almost every single individual describes Lumsden as a person of high moral character and trustworthiness. Moreover, the character letters portray and individual who has dedicated much of his life to assisting people in need, the disadvantaged and the heartbroken. Lumsden is described by all as a man passionate about artwork, his family, and friends.  Obviously, a review of the character letters paint a picture of a person who should never be standing before a criminal court for sentencing.

Lumsden suffers from tremendous anxiety and has suffered tremendous remorse as a result of his indictment.  As one character reference noted, Lumsden has been made aware that he has violated the rules of law and therefore should be punished. Every individual who wrote a letter has pleaded with this Court for mercy upon this gentle soul.

-2-

1        Attached to this memorandum are pictures that Lumsden desired this Court view, which

2   is a reflection of his family and friends (Exhibit B). The pictures enlighten as to Lumsden's

3   spirit.

4        Lumsden had been an antique dealer and owned a Victorian home, which he lost to

5   foreclosure. Numerous references were made in the character letters to Lumsden struggle in

6   trying to provide for his family. The character letters all describe Lumsden's characteristics for

7   helping people in need. Lumsden's characteristics as presented in this sentencing memorandum

8   may be amongst the most compelling this Court has seen prior to sentencing an individual.

9        According to the Presentence Report, one of the factors which have been identified for

10  consideration in not imposing a guideline sentence, was the unlikely nature of recidivism. The

11  Presentence Report explains, "the likelihood of recidivism for this particular defendant appears

12  to be minimal." (PSR, Paragraph 123). The Presentence Report also considered the

13  government's admission that if the transaction had occurred in the State of California (where

14  Lumsden is from and sells his antiques) the sale of the antique rhino horn would not have been

15  illegal (PSR, Paragraph 123). The probation officer also noted that the elderly owner of the

16  rhino horn wished to relocate from the United States to Thailand and was anxious to sell the

17  horn to facilitate his move (PSR, Paragraph 123). Lumsden, upon information and belief,

18  believed the seller had lost his wife and was desperate to move to Thailand. Consistent with the

19  characteristics described in the character letters, Lumsden desperately wanted to help the man

20  sell the antique rhino horn. The government agent was determined to ensure that the horn was

21  sold outside of California. Admittedly, at one point, the agent informed Lumsden that the sale

22  would be illegal.

23       The probation officer indicates that the seller was going to make the greatest profit. The

24  probation officer has asked this court to consider the totality of the circumstances involved in

25  this case when considering a sentence outside of the advisory guidelines (PSR, Paragraph 124).

26  The probation officer noted that Lumsden was not involved in the slaughter of an endangered

27  black rhino but merely the broker for the sale of an antique rhino horn to assist a man in need.

28  Interestingly enough, counsel has attached several pages from the internet where rhino horns

1   can be purchased online for people in the United States. Anyone who has had the pleasure of

2   visiting San Francisco's China town will remember seeing the antique stores with carved tusks.

3   These are commonly for sale at stores and on the internet. Unfortunately, Lumsden should not

4   have been naive and should have paid more attention when the agent mentioned that the sale in

5   Nevada would be illegal.

6        The probation officer has concluded that Lumsden was not negotiating for the sale nor

7   arranging for the transportation of the horn to the black market (PSR, Paragraph 124). The

8   probation officer stated to this Court, "lastly, had the sale transpired in the state of California, it

9   would have been a legal transaction. However, because the rhino's horn was transferred to the

10   state of Nevada for sale, the transaction triggered the interstate commerce clause and was

11   illegal." (PSR, Paragraph 124).

12        Pursuant to 18 U.S.C. 3553(a), a sentence that does not involve incarceration would

13   still promote respect for the law and provide just punishment for the offense. Lumsden has

14   been described by virtually every character letter as extraordinarily remorseful. According to

15   Michael W. Perry (a business colleague):

16         Being the honorable and honest man he is, Lou pleaded guilty to his charges
          because he violated the law. He did not wish to go to trial because he thought it
17        useless to fight the government and add to the expense of the taxpayers. He is
          truly sorry for what he has done and suffers greatly everyday because of it (p. 3).

18

19        Undoubtedly, any specific deterrence has been accomplished. Lumsden would never be

20   involved in this type of conduct again and this is proven by his meaningful and productive life.

21   A sentence that does not involve incarceration will also protect the public form future crimes of

22   the defendant. Lumsden has not lived a life of crime but rather a productive life helping friends

23   and family and people of lesser fortune. Additionally, Lumsden will not be so naive in the

24   future. If a government agent is engineering criminal activity, Lumsden will question the

    individual's motives.
25

26        A careful review of the character letters and pictures provided by Lumsden are

27   indicative of an extraordinarily kind and honest human being who has made a legal mistake

    and must be punished.
28

1    Several of the character references address the concern that Lumsden would be truly

2 damaged by a period of incarceration. The undersigned would urge this Court to consider just

3 how soft and kind this particular defendant is. A period of incarceration would be horrifically

4 damaging to Lumsden, his family and friends. There is no real necessity for incarceration

5 pursuant to the juris prudence of penology. Lumsden is not a menace to society, but a credit to

6 society. Lumsden will not offend again but will simply continue to dedicate his life to making

7 other's lives better. Branding Lumsden as a felon surely will deter others. Retribution is not

8 necessary as the only people harmed were Lumsden and the elderly gentleman who wished to

9 make a sale of his own antique property. On the other hand, incarceration will simply cost

10 taxpayers more money.[1] Unfortunately, reviewing the totality of the circumstances of

11 Lumsden's case, provides some insight into our unfortunate incarceration rate.

12    Based on the remarkable character of Lumsden and considering the unusual

13 characteristics of the crime, should lead to a sentence without any form of incarceration. The

14 factors identified pursuant to 18 USC 3553(a) present this Court with an opportunity to

15 sentence Lumsden in a manner that does not involve incarceration. It is ironic that the guideline

16 calculations would probably be very similar if Lumsden was involved in obtaining a rhino that

17 he knew had been recently slaughtered with blood still on the horns so he could make a profit

18 at the expense of endangering these beautiful animals. Nothing could be farther from the truth.

19 The character references indicate that Lumsden is incapable of harming a soul.

20 ///

21 ///

22 ///

23

24    [1]According to the U.S. Department of Justice Statistics and the World Prison Brief, the United States incarcerates human beings at the highest rate in the world. According to the
25 statistics, the United States incarcerates approximately 698 people for every 100,000. Whereas, other common law countries incarcerate individuals at dramatically lower rates: Canada (106 per
26 100,000), New Zealand (190 per 100,000), Northern Ireland (90 per 100,000), Scotland (145 per 100,000), England and Wales (148 per 100,000) and Australia (151 per 100,000). Even China
27 incarcerates at a much lower rate of between 119-165 per population of 100,000. It appears the
28 United States has rivals in Turkmenistan at 583 per 100,000, Cuba at 510 per 100,000, and Russia at 445 per 100,000.

1

**CONCLUSION**

2    Therefore, based on the foregoing, Mr. Quan respectfully submits that a fair sentence

3 would be one less than incarceration.

4                    DATED this 9th day of December, 2015.

5                              /s/ Christopher R. Oram, Esq.
                               CHRISTOPHER R. ORAM, ESQ.
6                               Nevada Bar #004349
                               520 S. Fourth Street, 2nd Floor
7                               Las Vegas, Nevada 89101
                               (702) 384-5563
8
                               Attorney for Defendant
9                              LUMSDEN QUAN

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of CHRISTOPHER R. ORAM, ESQ., and that on the 9th day of December, 2015, I served a copy of the foregoing Sentencing Memorandum by U.S. District Court CM/ECF Electronic Filing, to:


RYAN CONNORS
Ryan.Connors@usdoj.gov

                                    /s/ Jessie Vargas
                                    An Employee of Christopher R. Oram, Esq.