DANIEL G. BOGDEN
United States Attorney
JENNIFER L. BLACKWELL
RYAN C. CONNORS
Trial Attorneys
U.S. Department of Justice
Environmental Crimes Section
601 D Street, NW
Washington, DC 20004
(202) 305-0363

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

-oOo-

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.: 2:14-cr-00127 |
| | ) | |
| Plaintiff, | ) | **UNITED STATES' SENTENCING** |
| | ) | **MEMORANDUM** |
| vs. | ) | |
| | ) | |
| LUMSDEN QUAN | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

COMES NOW the United States of America, by and through the undersigned attorneys, and respectfully submits this sentencing memorandum regarding defendant Lumsden Quan, who is scheduled to be sentenced on December 16, 2015. The government recommends that the defendant be sentenced to a low-end guideline sentence of 24-months incarceration.

**FACTUAL BACKGROUND**

A grand jury indicted Quan and co-defendant Edward Levine on April 2, 2014. The indictment charged the defendants with: (1) conspiracy to violate the Endangered Species Act and the Lacey Act in violation of 18 U.S.C. § 371 and (2) a substantive violation of the Lacey Act in violation of 16 U.S.C. §§ 3372(a)(1) and 3373(d)(1)(B). The charges stem from the defendants'

1

agreement, sale, and transportation of two black rhinoceros horns from California to Nevada. On August 21, 2015, Quan pleaded guilty to both counts of the indictment. There is not a plea agreement in effect between Quan and the government. The government concurs with the Probation Department's description of Quan's conduct as described in the Presentence Investigation Report.

## **SENTENCING GUIDELINES CALCULATION**

Defendant's guideline range is determined by beginning with a base level of six pursuant to United States Sentencing Guideline § 2Q1.1. An adjustment of two points is applicable pursuant to U.S.S.G. § 2Q2.1(b)(1)(A) because Quan committed the offenses for pecuniary gain and for involving a commercial purpose. An adjustment of 12 points is applicable pursuant to U.S.S.G. § 2Q2.1(b)(3)(A)(ii) because the estimated market value of the rhinoceros horns is between $250,000 and $300,000. Because of his admission of responsibility, the defendant is entitled to a 3-point reduction in the offense level pursuant to U.S.S.G. §§ 3E1.1(a) and (b). The defendant does not have any criminal history points, and thus is in Criminal History Category I. The resultant guideline range for offense level 17 is 24 to 30 months.

## **ARGUMENT**

Congress has provided, through 18 U.S.C. § 3553(a), the relevant objectives and factors to be considered by sentencing courts in imposing a "sentence sufficient, but not greater than necessary." Those factors are: (1) the nature and circumstances of the offense, and the history and characteristics of the defendant; (2) the need for a sentence to reflect the basic aims of sentencing (including retribution, deterrence, incapacitation, and rehabilitation); (3) the kinds of sentences legally available; (4) the Sentencing Guidelines; (5) Sentencing Commission policy statements; (6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need for restitution.

2

An analysis of the § 3553 factors indicates that the defendant merits a term of imprisonment within the guideline range of 24 to 30 months.

*1) Nature and circumstances of the offense and background of the defendant*

Rhinoceros are an herbivore species of prehistoric origin and one of the largest remaining mega-fauna on earth. They have no known predators other than humans. All species of rhinoceros are protected under United States and international law and all black rhinoceros species are endangered.

Since 1976, trade in rhinoceros horn has been regulated under the Convention on International Trade in Endangered Species of Wild Fauna and Flora ("CITES"), a treaty signed by over 181 countries around the world to protect fish, wildlife, and plants that are or may become imperiled due to the demands of international markets. The demand for rhinoceros horn and black market prices have skyrocketed in recent years due to the value that some cultures have placed on ornamental carvings, good luck charms, or alleged medicinal elements made from the horn. This has led to an almost complete decimation of the global rhinoceros population. *See generally* Report of the Secretariat, at 1, CITES CoP16 Doc. 54.2 (Mar. 2013) ("Illegal trade in rhinoceros horn continues to be one of the most structured criminal activities currently faced by CITES. There are clear indications that organized criminal groups are involved in rhinoceros poaching and illegal trade in rhinoceros horn."); THE WHITE HOUSE, NATIONAL STRATEGY FOR COMBATING WILDLIFE TRAFFICKING 3 (2014), http://webcache.googleusercontent.com/search?q=cache:OgBF_LPt0NQJ:https://www.whitehouse.gov/sites/default/files/docs/nationalstrategywildlifetrafficking.pdf+&cd=2&hl=en&ct=clnk&gl=us.

Due to the extraordinary demand for rhinoceros horns, it is estimated that poachers kill three rhinoceroses every day to supply the black market; prices remain at an apex despite international

attention focused on the plight of the rhinoceros. (TRAFFIC Impact Report: *Trade in Rhino Horn: Illegal and Legal Trade Prices for Rhino Horn*, T. Milliken, October 20, 2015).

While Quan did not kill a rhinoceros, he sought to profit from the soaring demand for the horns. In doing so, he contributed to the economic cycle that has pushed the rhinoceros population towards extinction.

2) *The need for the sentence to reflect the aims of sentencing*

The Court's sentence should reflect the scope and seriousness of this offense, and the need to promote respect for the criminal laws in the District of Nevada. A sentence of imprisonment would assist in serving as a deterrent to others who may be inclined to sell and transport wildlife parts such as rhinoceros horns.

The Presentence Investigation Report states that there is potentially a low risk that the defendant would commit a similar crime. (¶ 123). The government disagrees. Quan first met Conrad because he bought a giraffe mount that he later sold for a profit. He also sold Conrad a black rhinoceros shoulder mount. While they were negotiating the horns in question on this case, Quan further inquired about a rhinoceros mount in Virginia that was coming up on auction. Quan also asked Conrad about whether he should try to invest in a libation cup to make a profit. Libation cups are carved rhinoceros horns that some believe hold medicinal powers and can be status symbols in some Asian cultures. This pattern of behavior shows that Quan is willing to sell wildlife to make a profit. A guideline sentence is necessary to deter him and other from similarly trying to exploit the wildlife trade in the future, whether it be rhinoceros horn, ivory, or other endangered species.

*3) The kinds of sentences legally available*

The statute pursuant to which Quan pleaded guilty carries a maximum term of imprisonment of 5 years, a $250,000 fine, or both.

The Presentence Investigation Report erroneously notes that if the horn had been sold in California the transaction would have been legal. (¶ 123). True, this would have negated the Lacey Act charge as there would not have been the second step of transporting the horn. However, the purchaser was a Colorado resident and made that known to Quan. Therefore the sale would have satisfied all of the elements of a crimes under the Endangered Species Act.

4) *Sentencing guideline range*

As indicated above, the government and probation department concluded that the appropriate guideline range is 24 to 30 months.

5)      *Restitution*

Restitution is not applicable to this case.

6)      *The need to avoid unwarranted sentencing disparities with other defendants with similar records*

There has been an increasing number of rhinoceros horn cases prosecuted in federal courts that corresponds to the increasingly lucrative black market trade. The government is not aware of any cases brought in Nevada, but there are several recent cases that the Court may find persuasive in imposing a just sentence that is akin to similarly-situated defendants.

In *United States v. James Hess* (N.D. Iowa, 1:15-CR-00041), the defendant pled guilty to a single count of the Lacey Act for trafficking two black rhinoceros horns that were similar in size to the ones Quan sold. Hess purchased the horns from an Oregon dealer for $16,000 and resold them to a Texas trafficker who was cooperating with authorities. On October 21, 2015, he was sentenced to 27 months imprisonment with three years of supervised release.

5

In *United States v. Qiang Wang* (S.D.N.Y., 1:13-CR-00452), the defendant pled guilty to conspiracy to smuggle goods out of the United States. He purchased several carved rhinoceros horns worth in excess of $1 million. On December 5, 2013, he received a guideline sentence of 37 months and did not qualify for any downward variances. The sentencing court stressed the need for deterrence in Wang's case: "I do find that this is a case, which, in particular, calls out for general deterrence.  There are few cases in fact where general deterrence is as important because of the nature of the case, the newness, and the relatively strong emphasis more recently being put upon it.  It is a very serious offense and general deterrence does play a role."  Wang Sent. Tr. at 40.

Given that Wang received a guideline sentence for the sale of carved horn, it is not reasonable that Quan's sale of raw horn would qualify for a downward variance.

In *United States v. Ning Qui* (E.D. Texas, 4:14-CR-00099), the defendant pled guilty to conspiracy to violate the Lacey Act and smuggling laws. Qui was an art appraiser who purchased over $1 million in rhinoceros horn and ivory to sell to an exporter to China. Unlike Quan, Qui provided substantial cooperation to the government in developing other cases. On May 14, 2015, he received a 5(k) letter and was sentenced to 25 months in prison and a fine of $150,000.

Finally, in *United States v. Xiao Guan* (S.D.N.Y. 1:14-CR-00506), the defendant pled guilty to an attempt to smuggle goods out of the United States. He shipped approximately $500,000 in rhinoceros horns and carved ivory to Canada; he was arrested after purchasing raw rhinoceros horns from an undercover agent. On March 25, 2015, he was sentenced to 30-months incarceration. Quan's guideline minimum of 24 months is appropriate and in balance with Guan's sentence.

The Court may also be aware of two recent cases where the defendants received sentences below the guideline recommendations for their trade in rhinoceros horns. In *United States v. Harris* (S.D. Fla), the 76-year-old defendant was the broker for the sale of four rhinoceros horns valued at

approximately $160,000. He was sentenced on October 1, 2014. Although the guidelines recommended a similar range that Quan faces, the court granted a downward variance based upon the defendant's health. Harris had submitted medical documents showing evidence of a progressive mental deterioration resulting from dementia or Alzheimer's disease. The court found that home confinement was in the interests of justice.

Quan does not face the debilitating age and medical issues that Harris demonstrated at sentencing. Although Quan does suffer from anxiety, it did not prevent him from brokering the sale of the horn and personally delivering it to the buyer in Las Vegas.

In *United States v. Michael Slattery* (E.D.N.Y.), the 22-year-old defendant was a member of a gang called the Irish Travelers. He was an opportunist who assisted in two sales where the horns were valued at $245,000. The court found mitigating circumstances due to his young age, the fact that his father and brother had raised him in a life of crime, and that he was not in the business of selling wildlife. Slattery is also an Irish citizen who faces deportation. On January 10, 2014, the court sentenced him to 14-months incarceration and $60,000 in fines and forfeiture.

Quan also does not deserve the benefit of the foolhardiness of youth and has not -- to the government's knowledge -- demonstrated any hardship that led him to his criminal activity. He was also in the business of selling wildlife under the disguise of art. He had previously sold Conrad rhinoceros horns and inquired about future sales. He sought to profit from their endangered status and did not simply jump at an opportunity.

The government and probation department's recommendation of 24-months incarceration is appropriate in that it ensures that Quan is treated similarly to other defendants who have sought to profit from the rhinoceros horn trade. It would also meet the goals Congress set forth in § 3553 that would be "sufficient, but not greater than necessary."

Dated this 9th day of December, 2015.

                                        Respectfully submitted,

                                        DANIEL G. BOGDEN
                                        United States Attorney

                                        */s/ Ryan Connors*
                                        RYAN C. CONNORS
                                        Trial Attorney

                                        */s/ Jennifer Blackwell*
                                        JENNIFER L. BLACKWELL
                                        Trial Attorney

UNITED STATES DISTRICT COURT
CERTIFICATE OF SERVICE

I certify that on December 9, 2015, I filed the United States' Sentencing Memorandum using the CM/ECF system which will send notification of such filing to the following.

Christopher Oram, Esq.
Attorney for Defendant Lumsden Quan

*/s/ Ryan Connors*
Ryan Connors
Environmental Crimes Section
601 D St., NW, Rm 2808
Washington, DC 20004
Tel: (202) 305-0363
Ryan.Connors@usdoj.gov