CHRISTOPHER R. ORAM, ESQ
Nevada Bar No. 004349
520 South Fourth Street, Second Floor
Las Vegas, Nevada 89101
(702) 384-5563

Attorney for Defendant
LUMSDEN QUAN

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

\* \* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LUMSDEN QUAN,<br><br>Defendant. | **Case Number:** 2:14-cr-00127-KJD-VCF<br><br>**DEFENDANT'S SUPPLEMENTAL SENTENCING MEMORANDUM** |

This sentencing memorandum is aimed at urging the Court to impose a sentence less than incarceration. The undersigned hereby submits this Supplemental Sentencing Memorandum on behalf of Mr. Quan.

DATED this 10th day of December, 2015.

Respectfully submitted by,

/s/ Christopher R. Oram, Esq.
CHRISTOPHER R. ORAM, ESQ.
Nevada Bar #004349
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 384-5563

Attorney for Defendant
LUMSDEN QUAN

I.     **A SENTENCE LESS THAN INCARCERATION IS APPROPRIATE.**

On December 9, 2015, Mr. Quan filed his Sentencing Memorandum. On that same day, the government filed their Sentencing Memorandum. In the government's Sentencing Memorandum, they cite the following cases: United States v. James Hess (N.D. Iowa, 1:15-CR-00041), United States v. Qiang Wang (S.D.N.Y., 1:13-CR-00452), United States v. Ning Qui (E.D. Texas, 4:14-CR-00099), United States v. Xiao Guan (S.D.N.Y. 1:14-CR-00506) United States v. Harris (S.D. Fla) and United States v. Michael Slattery (E.D.N.Y.). The government cited these cases in an attempt to establish Mr. Quan should receive a sentence of incarceration because the facts and circumstances of his case are similar to other defendants who have been sentenced to incarceration.

After reviewing the government's sentencing memorandum, counsel for Mr. Quan pulled the government's sentencing memorandum in United States v. James Hess. In the government's memorandum in Hess, the government rationalized that the defendant was deserving of a sentence of incarceration when compared to the defendants in United States v. Harris, No. 14-cr-20354-MGC and United States v. Brommel, No. 15-cr-000520-WSS. Specifically, the government argued:

> First, defendant argues a Guidelines range sentence will result in sentencing disparity. This argument is without merit as a Guidelines range sentence in this case will not result in unwarranted sentencing disparity. In crafting a sentence, one factor the Court must consider is "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Defendant argues that his case is similar to two other Operation Crash cases where the defendants were sentenced to probation. Defendant cites *United States v. Harris*, from the Southern District of Florida, and *United States v. Brommel*, from the Western District of Texas, in support of his argument. In *Harris*, the defendant had an agreed to Guidelines range of 18 to 24 months, based upon a Lacey Act violation involving black rhino horns, which included a 10 level enhancement for market value. *United States v. Harris*, No. 14-cr-20354-MGC, Docket #21 at 1-2 (Defendant's Sentencing Memorandum) (S.D. Fla. Sept. 24, 2014). The defendant in that case had no criminal history (*Id*.), was 76 years old at the time

-2-

of sentencing (*Id*. at 4), and was sentenced to three years probation. Harris, No. 14-cr-20354-MGC, Docket #25 (S.D. Fla. Oct. 2, 2014). In *Brommel*, the defendant was convicted of false labeling/making a false record under the Lacey Act, an offense different than the offense in this case, though the charged conduct in *Brommel* also involved the interstate transportation of black rhino horns. *United States v. Brommel*, No. 15-cr-00020-WSS, Docket #1 (Information) (W.D. Tex. Feb. 6, 2015). The defendant in *Brommel* also appears to have had no prior criminal history that resulted in any criminal history score being assessed to him. *Brommel*, No. 15-cr-00020-WSS, Docket #22 (Government's Amended Sentencing Memorandum) (W.D. Tex. Aug. 24, 2015). Brommel received five years probation. *Brommel*, No. 15-cr-00020-WSS, Docket #25 (W.D. Tex. Sept. 4, 2015).

Defendant and this case are distinguishable from *Harris* and Brommel. Here, defendant is a criminal history category 2 as result of previous convictions for an OWI and fifth degree theft in 1999. (PSR 32-33). He also has eight other convictions that did not result in any criminal history points, though six of those occurred in or before 1996 and the most recent was in 2014. (PSR 26-31, 34-35). Further, defendant in this case was involved in the sale of two sets of rhino horns, unlike the defendants in *Brommel* and *Harris,* who appear to each have been involved with only one set of illegally trafficked rhino horns. Further, defendant misled the seller of the August 2011 set of horns in Oregon into thinking defendant was brokering a deal between two Oregon residents and defendant even used the driver's license of someone who had no involvement in the deal in order to complete the transaction, all knowing he was going to bring the horns back to Iowa and ultimately to Wade Steffen. (PSR 7). Defendant's case is different from *Harris* and *Brommel* in both the nature of circumstances of the offenses and defendant's history and, therefore, a sentence of imprisonment in this case would not result in unwarranted sentencing disparity with the defendants in those cases.

Defendant also argues for a downward variance based upon his history and characteristics. While defendant may have been a good father and member of his community, he knowingly engaged in criminal conduct for personal profit. He deceived the Oregon seller of rhino horns into thinking he was selling the horns to another Oregon resident. Defendant sold two sets of rhino horns to Wade Steffen, knowing that Steffen was involved with Felix Kha, who was likely to ship the horns out of the United States. Under the statutory factors, a Guidelines range sentence in this case is warranted and the government recommends a sentence within the 27 to 33 month range (Government's Supplemental Memorandum Regarding Sentencing and Resistance to Defendant's Variance Motion, Doc. No. 23, p. 3-6).

A review of the government's argument in <u>Hess</u> establishes the government's belief that Hess was deserving of a sentence of incarceration because the circumstances of the offense and

his criminal history were different than the defendants in <u>Harris</u> and <u>Brommel</u>, who received probation. Unlike the defendant in <u>Hess</u>, the defendants in <u>Harris</u> and <u>Brommel</u> had no prior criminal history and thus received probation. Additionally, the government in the <u>Hess</u> case argued he was not suited for probation when compared to <u>Harris</u> and <u>Brommel</u> because he was involved in the sale of two rhinoceros horns, whereas the defendants in <u>Harris</u> and <u>Brommel</u> only sold one horn.

In the instant case, as is demonstrated by the government's arguments in the <u>Hess</u> case, Lumsden is much more similarly situated to the defendants in <u>Harris</u> and <u>Brommel</u> than the defendant in <u>Hess</u> because he has no prior criminal history. Moreover, Lumsden was only involved in the sale of one rhinoceros horn, unlike the defendant in <u>Hess</u>. Again, this demonstrates Lumsden is similarly situated to the defendants in <u>Harris</u> and <u>Brommel</u> and should receive a sentence less than incarceration.

Contrary to the government's position in their sentencing memorandum in the instant case, Mr. Quan is not similarly situated to the defendant in <u>Hess</u>, but much more to that of the defendants in <u>Harris</u> and <u>Brommel</u>, who received sentences of probation.

### **CONCLUSION**

Therefore, based on the foregoing, Mr. Quan respectfully submits that a fair sentence would be one less than incarceration.

DATED this 10th day of December, 2015.

/s/ Christopher R. Oram, Esq.
CHRISTOPHER R. ORAM, ESQ.
 Nevada Bar #004349
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 384-5563
Attorney for Defendant
LUMSDEN QUAN

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of CHRISTOPHER R. ORAM, ESQ., and that on the 10th day of December, 2015, I served a copy of the foregoing Sentencing Memorandum by U.S. District Court CM/ECF Electronic Filing, to:

RYAN CONNORS
Ryan.Connors@usdoj.gov

/s/ Jessie Vargas
An Employee of Christopher R. Oram, Esq.